FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
* SEPTEMBER 9, 2026 *
BROOKLYN OFFICE

FJN:AA/MG/LM
F. #2023R00647

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

[redacted]
RUBEN HORACIO BERMUDEZ LOOR and
WILSON EUDALDO MENDOZA BARBERAN,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 26-CR-260
(T. 18, U.S.C., §§ 3238, 2 and 3551 et seq.; T. 21, U.S.C., §§ 853(a), 853(p), 959(a), 959(d), 960(a)(3), 960(b)(1)(B)(ii), 963 and 970)

Judge Margo K. Brodie
Magistrate Judge Vera M. Scanlon

THE GRAND JURY CHARGES:

COUNT ONE
(International Cocaine Distribution Conspiracy)

1. In or about and between September 2024 and October 2025, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants [redacted], RUBEN HORACIO BERMUDEZ LOOR and WILSON EUDALDO MENDOZA BARBERAN, together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to each

defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 960(b)(1)(B)(ii) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

COUNT TWO
(Cocaine Importation Conspiracy)

2. In or about and between September 2024 and October 2025, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants [redacted], RUBEN HORACIO BERMUDEZ LOOR and WILSON EUDALDO MENDOZA BARBERAN, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1). The amount of cocaine involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963 and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

[redacted]

[redacted]

CRIMINAL FORFEITURE ALLEGATION

5. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

A TRUE BILL

[redacted]

FOREPERSON

By David Pitluck, Assistant U.S. Attorney
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK